ALBERT FEARING & others *vs.* ALFRED H. KIMBALL & another.

*A party to a suit cannot be permitted to read in evidence an unanswered letter from him self to the adverse party, for the purpose of proving the truth of facts stated therein although it was in reply to a letter to himself, which he has put in evidence.*

CONTRACT to recover the price of chains and anchors furnished by the plaintiffs to the ship Yankee Ranger, in 1854. One of the defendants, Robert Trowbridge, was defaulted, and the action was defended by Kimball alone.

At the trial in the superior court, before *Lord*, J., the plaintiffs contended that Kimball was a part owner of the ship, and that through one Ingraham he procured the articles and authorized the plaintiffs to charge them to him as owner; and they introduced evidence tending to show that they had an interview with Kimball respecting the claim in suit in the fall of 1859, and read to the jury the following letter from them to him, dated February 9, 1860 :

" You will remember that when we last saw you in Boston you said we should hear from you before the close of the year 1859, in regard to our claim on ship Yankee Ranger, and that you would make us a proposition that would be satisfactory. We have ever since been hoping to hear from you, in accordance with the encouragement you then gave us. Please write on receipt of this and say what you will do."

The following reply to the above letter was also read, dated February 21, 1860 : " Yours of Feb. 9th is at hand, and would have been answered before if I had been at home. When I last saw you, I said I would talk with Mr. Trowbridge and see what offer he would make. I did talk with him. He said he had nothing, and was sick and could not pay anything. Since I read your letter, I have talked with him again. He said he cannot raise over $200."

The plaintiffs were then allowed, under objection, to read the following portion of a letter from them to the defendant, and produced by the latter on notice, dated March 19, 1860, to which no reply was sent ·

" We duly received yours of 21st February, and must say that we were surprised at the contents. You say that when you last saw us, you told us you would talk with Mr. Trowbridge, and see what offer he would make ; which you did on your return home, and he said he was sick, and had nothing, and that you have again seen him since the receipt of our letter of 9th ult., and he now says he cannot raise over $200, and then you let the whole subject drop. Now in the interview we had with you, alluded to above, there was not one word said about Mr. Trowbridge, and we were not aware that you intended to see him in regard to the subject of our claim. You told the writer of this that there was one matter which, if it turned favorably, and you thought it would, would enable you to make us a handsome offer for our demand; and you had no doubt it would be one that would prove entirely satisfactory to us. You expected to make the offer before the 1st of November, and, at any rate, before the end of the year (1859). The name of Mr. Trowbridge was not mentioned by either of us. We claimed the payment of the debt from you and expected the offer from you."

The jury returned a verdict for the plaintiffs, with $3760.67 damages; and the defendant Kimball alleged exceptions.

*H. W. Paine & R. D. Smith,* for the defendant Kimball.

*H. F. Durant & G. A. Somerby,* for the plaintiffs, cited *Roe* v. *Day,* 7 C. & P. 705 ; *Colton* v. *James,* Mood. & Malk. 273 ; *Taylor* v. *Willans,* 2 B. & Ad. 845 ; *Trischet* v. *Hamilton Ins. Co.* 14 Gray, 456 ; *Edwards* v. *Towels,* 5 Man. & Gr. 624 ; *Gaskill* v. *Skene,* 14 Q. B. 664 ; 1 Greenl. Ev. § 201, note.

DEWEY, J. The general rule that a party cannot make evidence for himself by his written communications addressed to the other party, as to the character of dealings between them, or the liability of the party to whom they are addressed, in the absence of any reply assenting to the same, is well settled.

A distinction has sometimes been made where the communication thus offered in evidence was a previous letter of the party offering it, to which the letter of the other party was in reply ; but even this has been allowed under the peculiar circumstances

of the case, and where such prior letter might be properly referred to for the purpose of explaining or applying the letter of the other party, and not as evidence of any independent fact stated therein. The recent case of *Trischet* v. *Hamilton Ins. Co.* 14 Gray, 456, illustrates this, and was thus limited. In the previous case of *Dutton* v. *Woodman*, 9 Cush. 262, the introduction of the letter of the party offering it was put wholly upon the ground that it was rendered admissible by the subsequent verbal statements of the other party as to the matter contained in it, and the reason why he did not answer it, and it was held that otherwise it must have been excluded. But omitting to answer a written communication is no evidence of the truth of the facts therein stated, nor is a party under ordinary circumstances required to reply to a letter containing false statements of facts. *Commonwealth* v. *Eastman*, 1 Cush. 189. The case of *Fairlie* v. *Denton*, 3 C. & P. 103, is to the like effect.

But it was urged on the part of the plaintiff that the later case of *Roe* v. *Day*, 7 C. & P. 705, is to the contrary effect. It is so to some extent certainly; but the case was limited to " an immediate reply " in the ruling of the judge admitting it, it being an answer to the letter of the other party written the day previous. And it will be found that in *Richards* v. *Frankum*, 9 C. & P. 221, it was again asserted that letters written by a party are not admissible as evidence in his own favor, except as a notice or demand.

The question is obviously one of practical importance, and rather to be decided upon principle, than by reference to the *nisi prius* rulings in the cases referred to.

A first letter unanswered would seem to be obviously incompetent evidence to prove the facts therein stated to be true, against the party to whom it was addressed. Why does not the like objection apply to a second letter, reaffirming facts or stating additional ones, and to which there has been no reply ? A party may introduce the letter of his adversary, and, if need be for the purpose of enabling the jury to understand fully the letter thus introduced, he may read to the jury the letter to which it was in answer; but to go further, and hold that a

second letter of the party, or a third or fourth, as the case may be, is competent evidence, would be in violation of the rule that a party cannot make evidence for himself by his own declarations, and the further rule that the omission to answer letters written to a party by a third person does not show an acquiescence in the facts there stated, as might be authorized to be inferred in the case of silence where verbal statements were made directly to him.

In looking at the facts as presented in reference to the course of the trial here, it appears that the plaintiff was allowed to introduce a letter of the defendant written to him under date of February 21, 1860, and also his own letter to the defendant to which the letter of the defendant was in answer. But he was further allowed to introduce a subsequent letter of his own to the defendant, dated March 19, 1860, a period of nearly four weeks after the date of the defendant's letter. This was not "an immediate reply," or necessarily connected with the previous correspondence, so as to require its admission. In the opinion of the court, this letter should have been excluded, and that portion of the same that was allowed to be offered in evidence was erroneously admitted.                          *Exceptions sustained.*